ADOLPHUS H. VITT, HERMAN W. VITT, AND ALFRED A.
VITT, Executors of JOHN T. VITT, Appellants, v.
HENRY W. CLARK AND BERTHA E. CLARK, Re-
spondents.

### St. Louis Court of Appeals, April 7, 1896.

**Wills:** CONSTRUCTION AS OF TIME OF TESTATOR'S DEATH. A will speaks
as of the date of the testator's death. If between the date of the
execution of it and the date of such death conditions have changed,
it must be presumed that the testator had such changes in mind when
he died, and, in view of his having made no changes in the will, its
terms must be interpreted in the light of the conditions existing at
the latter date.

*Appeal from the Franklin Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*J. C. Kiskaddon* for appellants.

*John W. Booth* for respondents.

ROMBAUER, P. J.—This is an action of account in
equity. The state of the account depends wholly on
documentary evidence. The facts are these. The
testator, John T. Vitt, had four children, the three
plaintiffs and the defendant Bertha. In 1880 he gave
to his daughter Bertha property of the value of $750,
and to his son Alfred A. property of the value of $900,

by way of conditional advance. At the date of such gift or loan the defendants executed and delivered to him the following instrument:

"We, the undersigned H. W. Clark and Bertha E. (nee Vitt), his wife, bind ourselves, our heirs or legal representatives, to pay to John T. Vitt and Cornelia, his wife, an annuity of $30 at the end of every year from the date hereof. If one of the above named J. T. Vitt and Cornelia, his wife (the parents of Bertha E. Clark), should die, then the above named annuity is to be paid to the surviving parent, and after the death of both parents we agree to settle with their heirs the sum of $750, received as an advance in the estate of J. T. Vitt and wife. Should the above named parents or one of them desire it to pay them any money for their support, then we agree to pay said sum, not to exceed $100 per year, and the above named annuity shall become less in proportion. The consideration for the above is the purchase price for sixty-three acres of land, more or less, conveyed this day to us. Witness our signatures this fourth day of October, 1880.

(Signed)                    "HARRY W. CLARK,
                            "BERTHA E. CLARK."

The plaintiff, Alfred A., also executed to John T. Vitt an instrument of the same tenor, with the exception that he agreed to pay annually $36 to his parents or the survivor of them, and that he agreed to repay to them the advance or loan, if requested to do so, in installments not exceeding $200 per annum.

Thus it is seen that the amounts then given by John T. Vitt to his two children, although termed advances in the instruments executed by them, were in effect not advancements but conditional loans, on which they were required to pay to their parents an annuity equal to interest at the rate of four per centum per annum, and the capital of which they agreed to

repay upon request in installments of $100 or $200 per annum respectively.

In October, 1884, John T. Vitt made his last will. By this will he gave to his son Adolph certain real estate, and to his son Herman certain personal property. To his son Alfred A. he gave the advance he had received as per private account, and to his daughter Bertha the advance she had received as per private account. The testator made specific devises and bequests of all his property, except of his furniture and clothing, which he provided the heirs should divide among themselves as they might agree. He reserved a note of $150 for his funeral expenses and for a tombstone for himself and wife. It does not appear that he left any debts. He died in July, 1889. The testator kept a private account in his own handwriting both with his daughter Bertha and with his son Alfred. The former terminated with an entry made October 5, 1887, and the latter with an entry made December 29, 1888. These accounts are as follows:

BERTHA E. VITT (CLARK) PRIVATE ACCT.

| 1880. | | DR. | | 1881. | | CR. |
|---|---|---|---|---|---|---|
| Oct. 4, | to advance | $750 00 | | Oct. 4, by annuity (charged in acct.) | | $ 30 00 |
| 1881. | | | | 1882. | | |
| Oct. 4, | " annuity | 30 00 | | Nov. 30, " cash | | 30 00 |
| 1882. | | | | 1884. | | |
| Oct. 4, | " do | 30 00 | | Jan. & Feb. " firewood | | 4 00 |
| 1883. | | | | Dec. " firewood | | 4 00 |
| Oct. 4, | " do | 30 00 | | Dec. " apples, 2 bush. | | 1 50 |
| 1884. | | | | 1885. | | |
| Sept. 16, | " cash 112 | 50 00 | | Oct. 20. " do 2 do | | |
| Oct. 4, | " annuity | 30 00 | | 1886. | | |
| 1886. | | | | Oct. Apples, 2 bush. | | 1 00 |
| Feby. | " tax & cash 115 | 46 00 | | 1887. | | |
| 1885. | | | | Oct. 24. " do 2 do | | 2 00 |
| Oct. 4, | " annuity | 30 00 | | " 25. " Note of H. W. C.. | | 396 00 |
| Oct. 4, | " do | 30 00 | | | | |
| 1887. | | | | | | |
| Oct. 4, | " do | 30 00 | | | | |
| Oct. 25, | " cash | 200 00 | | | | |

ALFRED A. VITT PRIVATE ACCOUNT.

| | | | | |
|---|---|---|---|---|
| 1880. June 1, to advance....... | $900 00 | | 1883. April 2, by payment..... | .$ 280 00 |
| 1886. March 1, to interest up to date...... .. ........ | 22 80 | | 1885. March 25, do .... Interest is all paid up to March 1, 1885. | 50 00 |
| | $ 922 80 | | 1885. | |
| Balance.............. | 570 00 | | Oct. 13, sawing posts, 114.. | 4 00 |
| 1887. March 1 to int. to date....$ | 22 80 | | 1886. March 1 by wire & cash... | 18 80 |
| 1888. June 6," cash............ | 600 00 | | | $ 352 80 |
| June 6, " .... ........ | 45 00 | | 1887 by payment for. | |
| March 1, int. on $555, 1 yr. | 22 20 | | May 11, Dept. ground (RR) " cash .... | 01 27 80 |
| | | | 1886. June 27, cash.. .......... | 22 20 |
| | | | 1888. Dec. do by taxes..... .... | 37 75 |

On the trial below the plaintiffs contended that the clause in the will, "To my daughter, Bertha E. Clark, I give the advance she has received as per private account," meant the item of $750, and no more, as that was the only item designated by the term advance. As Bertha and her husband had paid no interest by way of annuity to her parents after 1882, the petitioners sought to hold them accountable for the aggregate of nine annual payments or $270, less $73.50, composing the credit side of the account. The defendants contended that, taking into consideration all surrounding circumstances, it was the evident intention of the testator to bequeath to his children, Bertha and Alfred, the balances which were shown against them by the testator's private account, and that the technical meaning of the term advance must yield to this evident intent.

The following propositions are elementary: The testator's will speaks as of the date of his decease. If between the date of the will and date of decease con-

ditions have changed, it must be presumed that these changes were in the testator's mind when he died, and, in view of the fact that he made no changes in the will, the meaning of terms used therein must be interpreted in the light of conditions existing at the latter date. At the date when the will was made, the testator had conditionally advanced to his daughter Bertha $810, of which $750 was principal and $60 interest. At that date he had only advanced to his son Alfred $620, as Alfred had not only paid his interest on the original advance of $900 promptly, but had also returned $280 of the principal. The term advance at that date could not well have reference to the original sums of $750 and $900, because the one had materially increased, and the other had materially decreased by that time. From that time on the testator gave to both of these children various sums of money, which were not liquidated by any obligations on their part, except the cash items to Bertha of September 16, 1884, February, 1886, and October 25, 1887, which were liquidated by the note of latter date amounting to $396. As will be seen, no items on the private account of Alfred were thus liquidated.

It is a significant fact in this connection that, although the testator in his will makes specific devises and bequests of all of his property, real and personal, and leaves no residuary estate except his clothing and furniture, there is no clause of the will which in terms covers any balances due the testator from his two children on open account, unless we construe the term advance in the bequests made to Bertha and Alfred as covering such items and as giving to those terms a meaning equivalent with balances. That the testator did not intend to make an absolutely equal distribution of his estate between his children is evident, because whatever construction be given to those clauses in the

will giving bequests to Bertha and Alfred, that result could not be worked out. At the same time it is more approximately worked out by giving to the will the construction claimed for it by the defendants, than by giving to it the construction claimed for it by the plaintiffs. Hence, we think the court did not err in finding the issues for the defendants and making a decree accordingly. All the judges concurring, the judgment is affirmed.